UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PELTIER, #155302,

       Plaintiff,

                                                CASE NO. 2:16-CV-10209
v.                                                HONORABLE LAURIE J. MICHELSON

ANTHONY VALONE,

       Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

Michigan prisoner Charles Peltier ("Plaintiff"), currently confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). In his pleadings, Plaintiff alleges a denial of access to the courts claim and a breach of contract claim arising from his (lack of adequate) access to legal materials and personnel in the prison law library. He sues librarian Anthony Valone in his official and individual capacities. Plaintiff seeks monetary damages. Having reviewed the complaint, the Court finds that it is subject to summary dismissal for failure to state a claim upon which relief may be granted. The Court also concludes that an appeal from this decision cannot be taken in good faith.

### II. DISCUSSION

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can

be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). This includes a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

### A. Access to the Courts Claim

Plaintiff asserts that he has been denied access to printed legal books because the prison purged the books in favor of electronic legal materials and his law library hours have been reduced. Prisoners have a constitutional right of access to the courts which the states have an affirmative duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). This right of access requires authorities to provide the legal tools necessary for inmates to represent themselves, "*e.g.*, a state-provided law library or the assistance of legally-trained personnel." *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (per curiam) (citations omitted). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999).

To prevail on a §1983 claim concerning the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). This can be established by

showing that the deprivation resulted in "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his rights was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992).

Here, Plaintiff fails to allege sufficient facts to state a claim for the denial of his right of access to the courts. Indeed, he alleges no actionable prejudice, *i.e.*, that any of his constitutionally-guaranteed legal proceedings have been compromised by the alleged lack of printed legal materials or any reduction in law library time. He also fails to allege facts to show that the defendant denied him access to materials in order to impede his legal proceedings. In fact, Plaintiff admits that he has access to electronic legal materials. Plaintiff therefore, as a matter of law, fails to state a denial of access to the courts claim in his complaint.

### B. Breach of Contract Claim

Plaintiff also alleges a breach of contract claim in his complaint and cites various Michigan Department of Corrections policies in support of his argument. It is well-established, however, that claims under 42 U.S.C. § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a perceived violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Breach of contract is a state law issue. "Neither the Eighth Amendment nor any other provision of the United States Constitution provides a basis for a prisoner to recover against prison officials for breach of

a contract." *Jordan v. Sheriff Jimmie Brown*, No. 1:16-cv-0001, 2016 WL 128520, *2 (M.D. Tenn. Jan. 12 2016); *see also Taylor v. Aramark Corr. Servs., Inc.*, No. 1:15-cv-927, 2015 WL 9127365, *4-5 (W.D. Mich. Dec. 16, 2015). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to this issue.

Moreover, to the extent Plaintiff is alleging a breach of contract claim separate from his section 1983 claim, the Court declines to exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c)(3) (providing that a federal district court may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 849 (6th Cir. 2010) ("As [plaintiff's] one federal claim was properly dismissed, it was likewise proper for the district court to decline to exercise supplemental jurisdiction over the remaining state law claims.").

### III. CONCLUSION

Based upon the foregoing discussion, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court also concludes that an appeal from this order cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

Dated: March 25, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 25, 2016.

                                              s/Johnetta M. Curry-Williams
                                              Acting Case Manager to
                                              Honorable Laurie J. Michelson