UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES PELTIER, #155302<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY VALONE,<br><br>    Defendant. | Case No. 2:16-CV-10209<br>Honorable Laurie J. Michelson |

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION [9]

In January 2016, Michigan prisoner Charles Peltier, currently confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1, Compl.) He asserted a denial of access to the courts claim and a breach of contract claim arising from his allegedly inadequate access to legal materials and personnel in the prison law library, suing librarian Anthony Valone in his official and individual capacities.

On March 25, 2016, the Court dismissed Mr. Peltier's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A for failing to state a claim upon which relief may be granted. (Dkt. 7.) The Court reasoned that Mr. Peltier failed to plead facts sufficient to state a claim for denial of his access to the courts because he made no allegation that any of his constitutionally-guaranteed legal proceedings had been impeded by the prison library's alleged deficiencies. (*Id.* at 4.) The Court also held that Mr. Peltier's breach of contract claim was not a proper Section 1983 claim, and to the extent that Mr. Peltier attempted to assert a state-law breach of contract claim, the Court declined to exercise supplemental jurisdiction over the claim. (*Id.* at 5.) Mr. Peltier now seeks reconsideration. (Dkt. 9, Pl.'s Mot.)

The Local Rules of this district provide that a motion for reconsideration may be granted when the moving party can "demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled," and "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). The Local Rules further provide that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(h)(3).

Mr. Peltier has not demonstrated any palpable defect. He first argues that the Court had no jurisdiction to dismiss his complaint. (Pl.'s Mot. at 1.) His argument seems to be this: his complaint was filed in the U.S. District Court for the Eastern District of Michigan's Southern Division, he is currently confined within the boundaries of that division (in Lapeer County), yet the undersigned is in the Northern Division, so the Court had no jurisdiction to dismiss his claim. This argument fails for several reasons. First, the United States District Court for the Eastern District of Michigan is comprised of both a Northern and Southern Division, and the undersigned is assigned to the Southern Division. Second, both Lapeer County and Wayne County, where Mr. Peltier's case was assigned to the undersigned, are in this District's Southern Division. *See* 28 U.S.C. § 102(a)(2). Finally, even if the venue had been improper, that would not have deprived this Court of its jurisdiction. *Garrison v. Handlon Michigan Training Unit*, No. 94-60293, 2008 WL 2157033, at *1 (E.D. Mich. May 21, 2008) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)).

As for Mr. Peltier's argument that the Court should reconsider its dismissal of his Section 1983 claim, the Court cannot discern any basis to disturb its finding that he has failed to plead facts sufficient to state a Section 1983 claim for denial of access to the courts. He appears to make claims that the law library generally had inadequate resources, without pointing to any resulting prejudice he has suffered in his own constitutionally-guaranteed legal proceedings.

Accordingly, Mr. Peltier's Motion for Reconsideration (Dkt. 9) is DENIED.

SO ORDERED.

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE

Dated: April 19, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 19, 2016.

        s/Jane Johnson
        Case Manager to
        Honorable Laurie J. Michelson